Johnson, J.
The decision of the referee, that the contract of insurance was entered into by the defendants at their place of business in this state, was correct. The application for insurance, signed by Russell & Granger, the persons to whom the policy was issued, shows that Patterson, to whom they delivered the application, premium note and cash premium, although in some sense and for some purposes he may have been the agent of the company, was the agent of the applicants in respect to making application for insurance. The same paper shows .that applicants for insurance were required to deposit the application and premium note with the secretary of the company, and that if duly approved the policy would bear date on that day and take effect at noon, unless the applicants directed that it should be dated as of some future day. The application, premium note and premium were duly received by the company at Le Roy, its,place of business, and approved, and a policy granted to the applicants in accordance with the application,:which was duly executed at Le Roy. The policy was delivered to Russell & Granger at Bellville, Canada West, by Patterson, the agent before named. The only circumstance in which this case differs from Hyde v. Goodnow (3 Comst., 266), is that in the latter case the policy was sent by mail to the insured. That difference does not *262 alter the rule. When the application was received and approved by the company, and. the policy executed and put in course of transmission to the insured, the contract was complete, and both parties became bound ; so that if a loss had occurred before its actual receipt by the insured, the company would have been responsible. The contract was consummated by the final assent on the part of the company, and upon that event and not upon its delivery to the assured became operative. The validity of the contract is, therefore, to be determined by the law of New-York. Here it was made and here it was to be performed.
The next question to be considered is, whether the company had authority under its charter to make the contract in question. The act of incorporation (ch. 241, Laws of 1836) declares, certain persons and all others who may thereafter associate with them in .the manner specified in the act, to be a corporation for the purpose of insuring their respective dwelling-houses, stores, shops and other buildings, household furniture, merchandise and other property against loss or damage by fire. The language of the act is general, embracing all other persons who may associate with the persons named. The insurance, in this case, was upon "personal property and therefore whatever force there may be in the argument drawn from the provisions of the act; as to liens upon buildings insured and the lands they stand upon, to show that insurances of that sort out of the State of New-York cannot rightfully be made, those provisions do not afford an argument against the validity of an insurance of personal property alone, wherever situated. We have no warrant for imposing upon this company a restraint which is not to be found in its charter nor in the general law of the state. Neither citizens of another state nor alien friends are incapable of owning personal property within this state. Persons of both classes .always have, and do now possess such property to a very large extent; shares in our incorporated companies and in the debts of the state and *263 of the United States are thus largely owned, and few decisions more disastrous, both to private and public interests, can be conceived of than one which should even bring into doubt the rightfulness of this species of investment.
Being, therefore, of opinion that the contract in this case was made and was to be performed in this state, and that by the law of this state the company was at liberty to insure personal property, wheresoever situated, it is unnecessary to inquire what was the law of the Province of Canada in respect to contracts entered into by this company in that province with subjects of Great Britain, for insurances upon real estate and buildings there situated.
The judgment should be affirmed.
Marvin, J.
The defendant claims that the contract was made in Canada upon property there, and that it was void: 1st, because it was against the «policy and laws of Canada; 2d, because the defendant’s charter did not authorize the making of such contract.
The Genesee Mutual Insurance Company is a corporation created by the legislative power of this state. Its place of business is in this state, and all the power it has is derived from the law creating it.- The laws of one state or nation can have no extra territorial authority. But it does not follow that a corporation created by the laws of one state may not exercise some of its powers in another independent state or nation. This depends, 1st, upon the nature, objects and powers of the corporation; and, 2d, whether the foreign state permits the corporation to act within its limits. (Bank of Augusta v. Earle, 13 Pet., 587, et seq.; Hyde, receiver, v. Goodnow, 3 Comst., 266.)
One important question, which I suppose the parties designed to present to this court, relates to the state of the law in Canada touching insurance there by mutual insurance companies of this state; but this question, in my opinion, is not before us. This was a question of fact for *264 the referee to find, and he has found that the contract was not contrary to the laws or usage or customs of the Province of Canada, and that the contract was valid by the laws of that province. The laws of a foreign state are the subject of proof in our courts as are other facts. The referee having found as a question of fact that the contract was not contrary to the Canadian laws, this court cannot review his finding. There was evidence upon both sides, and this court has no power to review this question of fact and reverse the judgment upon the ground that the finding of the referee was against the weight of evidence. (Davis v. Allen, 3 Comst., 168, 173; Esterly v. Cole, ib., 502; Borst v. Spelman, 4 id., 284.)
It remains to examine the charter of the. defendant and ascertain whether it had power to make the contract in question. The defendant is a mutual insurance company, incorporated for the purpose of insuring, mutually, dwelling-houses, stores, shops and other buildings, household furniture, merchandise and other property, against loss or damage by fire. All persons insuring with the company become members. The mode of effecting insurance, the deposit of a promissory note and the payment of money, are pointed out by the act. - The liability of the members is prescribed, and it is declared that “all buildings, insured by said company, together with the right, title and interest of the assured to the lands on which they stand, shall be and are hereby pledged to the said company; and said company shall have a lien thereon, in the nature of a mortgage, to the amount of his deposit note, the lien to take effect whenever the said company shall file with and have entered in the' book of mortgages, kept by the clerk of the county where the property is situated, a memorandum of the name of the individual-insured, a description of the property, the amount of the deposit note and the term for which the said policy shall continue. (See § 8 of the charter of the Jefferson Co. M. Insurance Co., Laws 1836, p. 42, and which is also the *265 defendant’s charter, Laws of 1836, p. 318.) The general powers are undoubtedly sufficient to authorize the defendant to make the contract for the insurance of property in Canada. There does not appear to be any limitation upon these general powers, unless the provisions above quoted from section 8th should be construed as a limitation confining the business of the corporation to this state, where the legislature had the power to create a lien upon the real estate of the assured. This view was taken by the learned judges of the court of Queen’s Bench in The Gen. Mut. Ins. Co. v. Westman, although I understand the decision in that case to have turned mainly upon another question, viz: That it was against the laws and policy of Canada to permit insurances there by foreign corporations.
It cannot be claimed that the defendant could perfect any lien upon the real estate of a person, insured in Canada or in any state other than New-York. But does it follow that the corporation could not enter into a valid contract, insuring buildings in Canada or other state, although it would not be able to perfect any lien upon such real estate? The corporation is not obliged to cause the lien to take effect here by filing the memorandum. It may be very impolitic and unsafe for a mutual insurance company, located in this state, to insure property in other states, and it may be unjust to the members of the corporation in this state; but I am of opinion that there is no want of power in the corporation to effect such insurance. In Hyde, receiver of Chenango county Mut. Ins. Co., v. Goodnow (3 Comst., 266), the insurance was upon property in Ohio. The action was upon the premium notes; and the defence attempted related to a statute of Ohio, touching insurance upon property in that state by foreign corporations. It was held that the contract was not in violation of the statute of Ohio, and the defendant was held liable. The case is authority for the position in this case, that the contract was made in this *266 state. But the precise question we are here considering was not raised or discussed.
In my opinion the defendant had power to make the contract, and the judgment should b.e affirmed.
All the judges were in favor of affirmance
Judgment affirmed.